## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| HAMMER & STEEL, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23CV938 HEA |
| TL HAWK, LLC and UNITED STATES FIRE INSURANCE COMPANY, | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant United States Fire Insurance Company's ("USFIC") Motion to Dismiss for Lack of Jurisdiction, [Doc. No 15]. Plaintiff opposes the Motion. For the reasons enumerated below, the Court finds that there is no personal jurisdiction over Defendant USFIC. The Motion to Dismiss will therefore be granted.

### Facts and Background[1]

Plaintiff filed this action in the Circuit Court of St. Louis County, Missouri. Defendant removed the matter based on the Court's diversity of citizenship

---

[1] The recitation of facts is taken from Plaintiff's Amended Complaint and Defendant's Motion and Memorandum. The recitation is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof thereof in later proceedings.

jurisdiction. 28 U.S.C. § 1332. Subsequently, Plaintiff filed an" Amended Complaint, which alleges:

Plaintiff is a corporation organized and existing under and by virtue of the laws of the State of Missouri, which maintains its principal office and place of business in Hazelwood, St. Louis County, Missouri. It is a citizen of the State of Missouri. Defendant, TL Hawk, LLC ("TL Hawk"), is a limited liability company organized and existing under and by virtue of the laws of the State of Louisiana, which maintains its principal office and place of business in Baton Rouge, Louisiana. It is a citizen of the State of Louisiana. Defendant, USFIC is an insurance company which maintains its principal office and place of business in Morristown, New Jersey. It conducts a general insurance and surety business throughout the United States, including the states of Missouri and Louisiana.

Plaintiff is in the business of buying, selling, and leasing heavy construction equipment, including, but not limited to drilling rigs, pile-driving equipment, and steel piling throughout the United States.

During 2022, Plaintiff entered into three (3) equipment and steel sheet piling rental agreements with Defendant, TL Hawk. The three (3) leases provide that Defendant, TL Hawk, will pay interest at the rate of 1½% per month, compounded monthly, on all past due invoices. The three (3) leases also provide that they were executed in St. Louis County, Missouri and that any legal proceedings brought to

enforce them must be filed in St. Louis County, Missouri or in the United States District Court for the Eastern District of Missouri.

Plaintiff performed the terms of each lease on its part by delivering the leased equipment and the leased steel sheet piling to Defendant, TL Hawk. Defendant, TL Hawk, has breached the terms of each lease agreement by failing to pay the full amount due, when due.

The principal amount due for monthly rent, excluding the amount due for failure to return the leased steel piling, is $75,428.65, plus $18,780.20, and $198.53. TL Hawk also failed to return the leased steel piling which, under the terms of the lease agreements, requires it to pay Hammer & Steel's sales price for the steel piling. The total amount due is $399,563.99.

Interest at the rate of one and one-half percent per month, compounded monthly, totals $6,934.44, plus $218.93 per day for every day after June 20, 2023 until the date of payment or the date of Judgment, whichever occurs first.

Defendant, US Fire Ins. Co., issued payment bonds for the three (3) projects.

Plaintiff has demanded payment from Defendants. Both Defendants have failed and refused to pay any part of the amounts due.

Defendant, TL Hawk, still has possession of the leased steel sheet piling.

Under the terms of the payment bonds, Defendant, US Fire Ins. Co., is obligated to pay the full amounts due Plaintiff, in the sum of $399,563.99, plus interest in the additional sum of $6,934.44, plus additional interest.

Prior to the lease agreements, Plaintiff and the Louisiana Department of Transportation and Development entered into several contracts for projects involving the construction and improvement of certain bridges throughout Louisiana. USFIC issued payment bonds, naming TL Hawk as the principal and the Louisiana Department of Transportation and Development as the obligee.

The bonds were executed as follows:

• Bond No. 6131010681, executed on December 19, 2019, for State Project No. H002375, Federal Aid Project No. H002375, Description: Amite R.BR Near French Settlement, Non-NHS Route, Route: LA 16, Parish: Livingston, located on River Bend Rd & LA 16, French Settlement, LA 70733 in the amount of $19,727,849.61 ("the Amite River Bridge Project").

• Bond No. 6131020797, executed on November 17, 2020, for State Project No. H000754, Federal Aid Project No. H000754, Description: US 84: UP Railroad Overpass (HBI), NHS Route, Route: US 84, Parish: Lasalle, located on 21604 US-84, Tullos, LA 71479 in the amount of $8,939,236.90 ("US 84: UP Railroad Overpass Project").

• Bond No. 6131021265, executed on June 16, 2021, for State Project No. H011808, Federal Aid Project No. H011808, Description LA 10: Palmetto Company Canal BR, Non-NIIS Route, Route: LA 10, Parish: St. Landry in the amount of $4,993,947.69 ("LA 10 Palmetto Company Canal Bridge Project").

The lease agreements for equipment were entered into on July 6, 2022 for the Amite River Bridge Project; July 12, 2022 for the LA 10 Palmetto Company

4

Canal Bridge Project; and February 6, 2023 for the US 84 Railroad Overpass Project.

**Legal Standard**

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead "sufficient facts to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). If the defendant challenges jurisdiction, the burden is on the plaintiff to present facts supporting jurisdiction. *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc*., 702 F.3d 472, 475 (8th Cir. 2012). The court views the evidence in the light most favorable to the plaintiff and resolves factual conflicts in plaintiff's favor in determining whether plaintiff has made a prima facie showing of personal jurisdiction over the challenging defendant. *Fastpath, Inc. v. Arbela Techs. Corp*., 760 F.3d 816, 820 (8th Cir. 2014). The plaintiff's "prima facie showing" is tested by the pleadings as well as by the affidavits and exhibits, if any, submitted in connection with the motion. *Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070, 1072 (8th Cir. 2004); see *Fastpath, Inc.*, 760 F.3d at 820.

**Discussion**

Personal jurisdiction can be general or specific. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). General jurisdiction "refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011) (internal quotation marks omitted). Specific jurisdiction "refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." *Id*. (internal quotation marks omitted). The Supreme Court has made clear that the "primary concern" in determining the presence of personal jurisdiction is "the burden on the defendant." *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

**General Personal Jurisdiction**

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014) (quotation marks omitted)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler*, 571 U.S. at 137 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (quotation marks omitted). "The paradigm forums in which a corporate

6

defendant is at home ... are the corporation's place of incorporation and its principal place of business ...." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quotation marks and citation omitted). Only in an "exceptional case" could "a corporate defendant's operations in another forum ... be so substantial and of such a nature as to render the corporation at home in that State." *Id.* (quotation marks and citation omitted).

Plaintiff claims the Court may exercise personal jurisdiction over Defendant USFIC based on the forum selection clause contained in the leases entered into between Plaintiff and Defendant TL Hawk., which provides that any legal proceedings brought to enforce the leases must be filed in St. Louis County, Missouri or in the United States District Court for the Eastern District of Missouri. Plaintiff also urges the Court may exercise jurisdiction over USFIC because it has a registered agent in the state of Missouri. The Court, however, would have to find this to be an "exceptional case," one in which the contacts between USFIC and Missouri are "so substantial and of such a nature as to render [USFIC] at home in" Missouri. *BSNF*, 137 S. Ct. at 158.

"A corporation's 'continuous activity of some sort within a state,' *International Shoe* instructed, 'is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.' 326 U.S., at 318, 66 S. Ct. 154." *Goodyear*, 564 U.S. at 927. "[T]he general jurisdiction inquiry does not

focus solely on the magnitude of the defendant's in-state contacts. . . .  Rather, the inquiry calls for an appraisal of a corporation's activities in their entirety; [a] corporation that operates in many places can scarcely be deemed at home in all of them." *BNSF*, 137 S. Ct. at 1559 (quoting *Daimler*, 134 S. Ct., at 762, n. 20 (quotation marks and citations omitted)).

USFIC is incorporated in the State of Delaware with its principal place of business in New Jersey. Plaintiff alleges Defendant conducts a general insurance and surety business throughout the United States, including Missouri and Louisiana. The activities alleged by Plaintiff are insufficient to subject USFIC to personal jurisdiction in Missouri for any and all actions brought against it. Nothing before the Court evinces an exceptional situation wherein USFIC is essentially "at-home" in Missouri. USFIC is not subject to general, all-purpose jurisdiction in this state.

**Specific Personal Jurisdiction**

Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute *and* permitted by the Due Process Clause of the Fourteenth Amendment. *Viasystems, Inc.*, 646 F.3d at 593 (emphasis added).  Due process permits the exercise of specific personal jurisdiction over a non-resident defendant when three criteria are satisfied: "First, the defendant must have purposefully avail[ed] itself of the

8

privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State. Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct. Finally, the exercise of jurisdiction must be reasonable under the circumstances." *Bristol-Myers*, 137 S. Ct. at 1785–86.

This Court would have specific jurisdiction over the out-of-state Defendants only if they "purposely directed [their] 'activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F.4th 928, 930 (8th Cir. 2023) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Thus, the Court asks whether Defendant has "certain minimum contacts with" Missouri and whether Plaintiff's claims "'arise out of or relate to [those] contacts.'" *Kaliannan*, 2 F.4th at 733 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

In deciding whether specific jurisdiction exists over a defendant on a particular claim, the Eighth Circuit considers the totality of the circumstances and has long used five distilled factors to guide the analysis: "(1) the nature and quality of [the defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties."

*Kendall Hunt*, 74 F.4th at 930 (quoting *Bros. & Sisters in Christ*, 42 F.4th at 952); see also *Aftanase v. Econ. Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965) (Blackmun, J., for the Court). The first three factors carry "the greatest weight." *Kendall Hunt*, 74 F.4th at 930.

**Forum Selection Clause**

Plaintiff argues USFIC is subjected to this Court's jurisdiction by virtue of the forum selection clause contained in the lease agreements. The question presented here is whether USFIC, who was not a party to the lease agreements, is bound by the Forum-Selection Clause.

> A third party will be bound by a forum-selection clause in a contract only when "the third party is closely related to the dispute such that it becomes foreseeable that it will be bound." *Kleiman v. Kings Point Cap. Mgmt., LLC*, No. 4:17CV2278HEA, 2018 WL 3328012, at *4 (E.D. Mo. July 6, 2018) (citing *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001)). In determining whether a third party is bound by a forum-selection clause, the relevant inquiry is whether the third party reasonably should have foreseen being bound because of its relationship to the cause of action and a signatory to the contract. *Id*.

*Roeslein & Assocs., Inc. v. Wendt*, LLP, No. 4:22 CV 1105 RWS, 2023 WL 4262899, at *3 (E.D. Mo. June 29, 2023).

Plaintiff does not present an argument regarding any close relationship USFIC has with the cause of action, rather, Plaintiff, relying on Mississippi, Louisiana, and Kansas cases, conclusively argues that "as a bond surety, US Fire Ins. is bound by the terms of the forum selection clause. Even though Plaintiff's

10

authority is not binding this Court, Plaintiff's authority is inapplicable to this case. In *Jimmie Lyles Carpets, Inc. v. Munlake Contractors, Inc.*, No. 5:11-CV-85 DCB JMR, 2012 WL 2222857, at *1 (S.D. Miss. June 14, 2012), Plaintiff, a signatory to the forum selection clause was seeking to avoid it as unreasonable. The bond issuer did not challenge the clause but joined in seeking to enforce the clause. Here, Defendant USFIC challenges Plaintiff's attempt to require it to litigate in a jurisdiction in which it has no contacts.

Likewise, in *U. S. for Use & Benefit of Fireman's Fund. Ins. Co. v. Frank Briscoe Co.*, 462 F. Supp. 114, 116 (E.D. La. 1978), *In re Fireman's Fund Ins. Companies, Inc.*, 588 F.2d 93, 94 (5th Cir. 1979), *Arrow Plumbing & Heating, Inc. v. N. Am. Mech. Servs. Corp.*, 810 F. Supp. 369, 370 (D.R.I. 1993), *Concrete Indus., Inc. v. Dobson Bros. Const. Co.*, No. 06-1325-WEB, 2007 WL 1455979, at *5 (D. Kan. May 17, 2007) Plaintiffs, parties to the clauses, were attempting to avoid the forum selection clauses, whereas the sureties did not oppose the clauses. This is not the situation in the instant matter. Defendant here is challenging the forum selection clause. Under these circumstances, Plaintiff would be required to demonstrate Defendant USFIC has a close relationship with the dispute. Plaintiff has failed do so. Defendant is a non-signatory to the leases. The bonds were issued to TL Hawk as to the Louisiana projects and it had no indications in issuing the bonds that subsequent leases would be entered into between Plaintiff and TL Hawk

11

which would contain the forum selection clause. While as surety USFIC may bound for TL Hawk's obligations, USFIC has not bound itself to the contract which may produce some obligations.

**Registered Agent and Employee's Domicile**

Defendants' contacts with Missouri are virtually nonexistent. Defendants do not have loans in Missouri, business activities in Missouri, funds in Missouri, offices in Missouri, or receive office support in Missouri. Defendants have not made any contracts within Missouri and have no clients residing in Missouri. All actions took place in Louisiana. See *Kendall Hunt*, 74 F.4th at 931 (finding the defendants' contacts with forum were not such that it would reasonably have anticipated being haled into court there).

Plaintiff argues USFIC is subject to the Court's jurisdiction because it has a registered agent and an employee who lists her address as Springfield, Missouri, citing *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990) in support.

> [S]everal Western District of Missouri and Eastern District of Missouri courts within the Eighth Circuit have concluded that they are no longer bound by *Knowlton*. See, e.g., *Alvarracin v. Volume Servs., Inc.*, No. 16-06115-CV-SJ-SWH, 2017 WL 1842701, at *2 (W.D. Mo. May 4, 2017) (finding that "*Knowlton's* holding ... has been called into question in light of *Daimler*" and agreeing "with the findings of those courts who have determined that *Knowlton's* holding cannot survive in light of the holding in *Daimler*"); *Beard v. SmithKline Beecham Corp.*, No. 4:15-CV-1833-RLW, 2016 WL 1746113, at *2 (E.D. Mo. May 3, 2016) (agreeing "with more recent judicial precedent from the United States Supreme Court and this

12

district that have determined that more substantial contacts" than appointing a registered agent in the forum state "are required to haul a litigant into the court's forum").

*Murphy v. Lab. Source, LLC*, No. 19-CV-1929 (ECW), 2021 WL 527932, at *7 (D. Minn. Feb. 12, 2021). This Court agrees something more is necessary than a registered agent and a single employee who lives in the State of Missouri to hale Defendant into the courts of the State of Missouri and this Court. "[T]he registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 52 (Mo. 2017).

## Conclusion

Based upon the foregoing, the Court is without personal jurisdiction over Defendant USFIC.

**IT IS HEREBY ORDERED** that Defendant USFIC's Motion to Dismiss [Doc. No. 15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant USFIC Inc. is **DISMISSED.**

Dated this 13th day of March 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE